### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,            )
                                     )
            Respondent/Plaintiff,    )
                                     )
                                     )
v.                                   )        Case No. 03-10038-01-WEB
                                     )                 06-1350-WEB
                                     )
EDUARDO GUTIERREZ-AGUINIGA,          )
                                     )
            Petitioner/Defendant.    )
_____)

MEMORANDUM AND ORDER

NOW before the Court is the motion of petitioner Eduardo Gutierrez-Aguiniga pursuant

to 28 U.S.C. § 2255.  The court has reviewed the briefs and the file.  Because these materials

conclusively show the defendant is not entitled to relief, the Court finds that no hearing on the

matter is required.

I.  Background

A review of the record shows defendant Eduardo Gutierrez-Aguiniga was charged in a

second superseding indictment of three felony offenses.  (Doc. 79).  The case proceeded to a jury

trial where the defendant was found guilty on all three offenses.  (Doc. 116).  A presentence

investigation report was completed, and the defendant was sentenced on October 27, 2003.

(Doc. 149).  Before sentencing, the defendant filed two objections to the presentence report.  The

Court addressed the objections at the time of sentencing, as well as in an Order filed October 29,

2003.  (Doc. 148).  The Court denied the objections.  (Doc. 148, p. 3).  The defendant was

sentenced and committed to the Bureau of Prisons as follows: Count 1, 292 months, Count 2,

1

292 months, and Count 3, 60 months.  Count 1 and Count 2 are concurrent to each other, and

Count 3 is consecutive to Count 1 and 2.  The defendant filed a direct appeal.  (Doc. 150).  On

appeal, the defendant raised five issues: (1) the indictment fails to charge an offense; (2) the

indictment omits an essential element of the offense: (3) the evidence is insufficient to support

his convictions; (4) the district court erred in enhancing his sentence for being an

organizer/leader pursuant to United States Sentencing Guidelines § 3B1.1(c) and for obstructing

justice pursuant to § 3C1.1; and (5) his counsel was ineffective.  The defendant's appointed

counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d

493 (1967), and he was allowed to withdraw.  The Tenth Circuit Court of Appeals determined

his challenges to the indictment were meritless, the evidence against the defendant was

overwhelming, the enhancements were supported by the evidence, and ineffective assistance of

counsel claims should be brought in collateral proceedings, not on direct appeal.  The Court

affirmed his conviction and sentence.  *United States v. Gutierrez-Aguiniga*, 101 Fed.Appx. 328,

(10th Cir. 2002).  The defendant filed a Petition for Writ of Certiorari, and his case was

remanded for re-sentencing in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160

L.Ed.2d 621 (2005).  *Gutierrez-Aguiniga v. United States*, 544 U.S. 917, 125 S.Ct. 1680, 161

L.Ed.2d 472 (2005).  The Tenth Circuit Court of Appeals found any error on the part of the

district court regarding sentencing did not affect the fairness, integrity, or public reputation of

judicial proceedings.  The sentence and conviction was affirmed.  *United States v. Gutierrez-*

*Aguiniga*, 133 Fed.Appx.460, (10th Cir. 2005).  The defendant filed a petition for rehearing in

banc, which was denied on June 15, 2005.  The defendant then filed this § 2255 Motion to

Vacate, Set Aside, or Correct Sentence.

2

II.  Defendant's request to stay proceeding

The defendant filed a request to stay this 2255 Motion on April 10, 2007.  The defendant stated he requested reinstatement of certiorari in the United States Supreme Court.  (Doc. 223). As of the first week of August, 2007, a check of the United States Supreme Court docket shows no request had been received by the Court.  Further, a telephone call to the United States Supreme Court Clerk's Office verified there were no requests on file from the defendant.  The defendant has not requested review by the United States Supreme Court.  Further, the defendant has not show a strong position of merits on appeal, or irreparable injury if the stay is not granted. *Securities Investor Protection Corp v. Blinder, Robinson & Co., Inc.*, 962 F.2d 960 (10th Cir. 1992).  The court denies the defendant's request for a stay of the proceedings.

III.  Defendant's § 2255 Motion for Relief

The defendant filed this Motion under 28 U.S.C. § 2255.  The defendant alleges the Indictment fails to charge an specific element of the offense, numerous allegations of ineffective assistance of counsel, and failure of the sentencing court to consider *Booker*.  Contained within the allegations of ineffective assistance of counsel, defendant alleges his counsel did not file the necessary motions prior to trial, counsel did not argue drug quantity before the District Court or before the Court of Appeals, counsel did not investigate witnesses, defendant was denied his right to allocution, and counsel was ineffective when he filed a brief pursuant to *Anders.*  (Doc. 212 and Doc. 217).  The Government filed a response requesting the Motion be denied as it was untimely, or in the alternative, denied on the merits.  (Doc. 222).

IV.  Statute of Limitations

A one year period of limitations shall apply to a motion under this section.  28 U.S.C. §

3

2255.  The one year limitation period begins to run when the factual predicate of a petitioner's claim or claims could have been discovered through due diligence.  *Burger v. Scott*, 317 F.3d 1133, 1133 (10th Cir. 2003).  The defendant's conviction and sentence was affirmed by the Tenth Circuit on May 13, 2005.  *United States v. Gutierrez-Aguiniga*, 133 Fed.Appx 460.  The defendant filed a petition for rehearing in banc, which was denied on June 15, 2005.  "If a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after direct appeal, the one year limitation period begins to run when the time for filing a certiorari petition expires."  *United States v. Burch*, 202 F.3d 1274 (10th Cir. 2000).  Ninety days from June 15, 2005 is September 13, 2005.  The time period to file a motion under 28 U.S.C. § 2255 expired on September 13, 2006.  The defendant filed his motion on November 23, 2006, clearly outside the statute of limitations.  The one-year statute of limitations is subject to equitable tolling but only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir.2000), cert. denied, 531 U.S. 1194 (2001).  The defendant has not alleged any basis for tolling the Statute of Limitations.  The defendant's motion is delinquent and denied.

    V.  <u>Discussion</u>

    Although the defendant's motion is denied as it was filed outside the statute of limitations, the court will address the issues raised by the defendant in his motion.

A.  *Indictment*

    An issue disposed of on direct appeal will generally not be reconsidered on collateral attack.  A motion under § 2255 may be proper when there has been an intervening change in the

law of a circuit.  *United States v. Nolan,* 571 F.2d 528, 10th Cir.(1978).   The defendant argues

the indictment failed to charge an offense.  The defendant raised this issue on direct appeal, and

the court addressed this issue, stating his challenges to the indictment are meritless.    *United*

*States v. Gutierrez-Aguiniga*, 101 Fed.Appx 328, 330 (10th Cir. 2004).  The defendant is not

claiming there has been a change in the law.  The defendant is trying to re-litigate the sufficiency

of the indictment.  In a similar case, a defendant had raised the sufficiency of the indictment as

an issue in direct appeal.  The Ninth Circuit Court of Appeals determined the issue was without

merit. *Marcella v. United States*, 285 F.2d 322 (9th Cir.1960), rehearing denied February 3,

1961, cert. denied 366 U.S. 911, 81 S.Ct. 1085, 6 L.Ed.2d 235 (1961).  The defendant then raised

the issue in collateral appeal, and the court determined the issue could not be relitigated.

*Marcella v. United States*, 344 F.2d 876, 880 (9th Cir. 1965).  The defendant is attempting to

proceed likewise, and the court will not address an issue that has previously litigated and

decided.  .

B. *Ineffective assistance*

　　　　To establish a claim of ineffective assistance of counsel, a petitioner must show two

things.  First, the petitioner must show that counsel performed in a deficient manner.  Second,

the petitioner must show that counsel's deficient performance prejudiced the defendant.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  The first

part requires the defendant to show counsel made errors so serious that counsel was not

functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the

defendant must show that counsel's errors were so serious as to deprive the defendant of a fair

trial.  Id. at 687.

"Judicial scrutiny of counsel's performance must be highly deferential......a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy'." *Strickland* at 694-5, citing *Michel v. Louisiana,* 350 U.S. 91, 76 S.Ct.158 (1955).  The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Strickland* at 694.

The defendant alleges ineffective assistance of counsel asserting his trial counsel failed to file a Motion to Suppress, Discovery Motions, and failed to call other witnesses.  The defendant has failed to identify witnesses, or what their testimony might be.  Further, the defendant fails to identify the evidence the Motion to Suppress should address, or the evidence that was not received in discovery.  The failure to submit specific allegations and proof of the allegations is insufficient evidence of ineffective assistance of counsel.  *Hodges v. United States*, 316 F.Supp.2d 688, 692 (S.D. Ill. 2004).  The petitioner in a habeas proceeding is required to set forth specific factual allegations as to the unreasonableness of counsel's actions.  *United States v. Powell*, 2004 WL 1534176 (D.Kan. 2004).  The defendant has not shown how counsel was ineffective in failing to file additional motions or by failing to call additional witnesses.  The defendant has not shown counsel was ineffective.

The defendant contends his counsel was ineffective when he filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  There is no merit in this claim.  The Tenth Circuit agreed with trial counsel that the appeal presented no non-frivolous issues, and counsel's request to withdraw was granted.  The court then affirmed the

defendant's sentence and conviction.  *United States v. Gutierrez-Aguiniga*, 101 Fed.Appx. 328, 329, 2004 WL 1328679 (10th Cir. 2004).  This argument is meritless.

The defendant alleges his counsel was ineffective during sentencing when he was denied allocution.  The record does not support the defendant's allegation.  At the time of sentencing, the court asked the defendant the following questions:

> Court: Do you have any other objections or modifications or additions you wish to make to the pre-sentence report?
> Defendant (through interpreter): No
> Court: Do you know of any reason why sentence should not now be imposed upon you?
> Defendant: No.  (Doc. 166, p. 42).

The defendant was provided an opportunity to speak at sentencing.  However, even if the opportunity provided was not sufficient, there would be no error.  "The failure of a trial court to ask a defendant represented by an attorney whether he has anything to say before sentence is imposed is not of itself an error of the character of magnitude cognizable under a writ of habeas corpus.  It is an error which is neither jurisdictional nor constitutional.  It is not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure.  It does not present 'exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.'"  *Hill v. United* States, 368 U.S. 424, 428, 82 S.Ct. 468 (1962), rehearing denied, 369 U.S. 808, 82 S.Ct. 640, 7 L.Ed.2d 556 (1962), citing *Bowen v. Johnston*, 306 U.S. 19, 27, 59 S.Ct. 442, 446, 83 L.Ed. 455.

C.  *Booker*

Defendant claims his counsel was ineffective when he failed to raise *Blakely* and *Booker* issues at the time of sentencing.  The defendant was sentenced on October 23, 2003.  At the time

of the sentencing, as well as the time of the appeal, neither *Booker* or *Blakely* had been decided. *United States v. Booker* was decided by the United States Supreme Court on January 12, 2005. 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005). *Blakely v. Washington* was decided on August 23, 2004. 542 U.S. 961, 125 S.Ct. 21 (2004). The Sixth Amendment does not require counsel for a criminal defendant to be clairvoyant, nor is counsel's performance deficient by failing to predict future developments in the law. *United States v. Harms*, 371 F.3d 1208 (10th Cir. 2004). The defendant overlooks the fact that the Tenth Circuit has examined his case in light of *Booker*. The defendant's case was remanded by the Supreme Court for further consideration in light of the Supreme Court's decision in *United States v. Booker*. The Tenth Circuit Court of Appeals reviewed the sentence and the evidentiary basis of the defendant's conviction. The court determined the evidence supporting the conviction and sentence was overwhelming, and the defendant's sentence was affirmed. *United States v. Gutierrez-Aguiniga*, 133 Fed.Appx. 460 (2005). The defendant's argument is without merit.

VI.  Evidentiary Hearing

The defendant requests an evidentiary hearing. The district court is required to conduct an evidentiary hearing on the claims presented unless the motion and files and records of the case conclusively show that the petitioner is entitled to no relief. *United States v. Lopez*, 100 F.3d 113, 119 (10th Cir. 1996). The analysis above demonstrates the petitioner is not entitled to relief, and the request for an evidentiary hearing is denied.

VII.  Conclusion

The defendant's Motion is denied as it is filed outside the statute of limitations. The allegations contained within the Motion do not meet the standard set forth in *Strickland*. The

defendant has not shown that but for defense counsel's alleged errors, the result of the

proceedings would be different.  The defendant's case has been reviewed in light of *Booker*, and

his sentence and conviction was affirmed.

IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that the defendant's

motion for relief under the provision of 28 U.S.C. § 2255 (Doc. 212) be DENIED, and

IT IS FURTHER ORDERED the defendant's request for a stay of the proceedings (Doc.

223) be DENIED, and

IT IS FURTHER ORDERED the defendant's request for an evidentiary hearing be

DENIED, and

IT IS FURTHER ORDERED that a Certificate of Appealability under the provisions of

28 U.S.C. § 2253 be DENIED.

IT IS SO ORDERED this 14th day of August, 2007, at Wichita Kansas.


 s/ Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge