**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent/Plaintiff, | ) |
| | ) |
| | ) |
| v. | )   Case No. 03-10038-01-WEB |
| | )                06-1350-WEB |
| | )                09-1169-WEB |
| EDUARDO GUTIERREZ-AGUINIGA, | ) |
| | ) |
| Petitioner/Defendant. | ) |
| ————————————————— | ) |

MEMORANDUM AND ORDER

Eduardo Gutierrez-Aguiniga has filed a motion pursuant to Federal Rule of Civil

Procedure 60(b).  (Doc. 249).  The defendant requests relief from the court's judgment in his

Motion to Vacate Pursuant to 28 U.S.C. § 2255.

I.  History

A review of the record shows defendant Eduardo Gutierrez-Aguiniga was charged in a

second superseding indictment with Conspiracy to Possess with the Intent to Distribute

Methamphetamine, in violation of 21 U.S.C. § 846; Possession with Intent to Distribute

Methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and Possession of a Firearm in

Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1).  The case

proceeded to a jury trial where the defendant was found guilty on all three offenses.  (Doc. 116).

A presentence investigation report was completed, and the defendant was sentenced on October

27, 2003.  (Doc. 149).  Before sentencing, the defendant filed two objections to the presentence

report.  The Court addressed the objections at the time of sentencing, as well as in an Order filed

October 29, 2003.  (Doc. 148).  The Court denied the objections.  (Doc. 148, p. 3).  The

defendant was sentenced and committed to the Bureau of Prisons as follows: Count 1, 292

months; Count 2, 292 months; and Count 3, 60 months.  The court ordered Count 1 and Count 2

to run concurrent to each other, and Count 3 is consecutive to Count 1 and 2.  The defendant

filed a direct appeal.  (Doc. 150).  On appeal, the defendant raised five issues: (1) the indictment

fails to charge an offense; (2) the indictment omits an essential element of the offense: (3) the

evidence is insufficient to support his convictions; (4) the district court erred in enhancing his

sentence for being an organizer/leader pursuant to United States Sentencing Guidelines §

3B1.1(c) and for obstructing justice pursuant to § 3C1.1; and (5) his counsel was ineffective.

The defendant's appointed counsel filed a brief pursuant to Anders v. California, 386 U.S. 738,

87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and he was allowed to withdraw.  The Tenth Circuit

Court of Appeals determined his challenges to the indictment were meritless, the evidence

against the defendant was overwhelming, the enhancements were supported by the evidence, and

ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct

appeal.  The Court affirmed his conviction and sentence.  United States v. Gutierrez-Aguiniga,

101 Fed.Appx. 328 (10th Cir. 2002).  The defendant filed a Petition for Writ of Certiorari, and

his case was remanded for reconsideration in light of United States v. Booker, 543 U.S. 220, 125

S.Ct. 738, 160 L.Ed.2d 621 (2005).  Gutierrez-Aguiniga v. United States, 544 U.S. 917, 125

S.Ct. 1680, 161 L.Ed.2d 472 (2005).  The Tenth Circuit Court of Appeals found any error on the

part of the district court regarding sentencing did not affect the fairness, integrity, or public

reputation of judicial proceedings.  The sentence and conviction was affirmed.  United States v.

Gutierrez-Aguiniga, 133 Fed.Appx. 460 (10th Cir. 2005).  The defendant filed a petition for

rehearing en banc, which was denied on June 15, 2005.  The defendant then filed a Motion to

Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.  § 2255.  (Doc. 212).

      The defendant's motion  alleged the Indictment failed to charge a specific element of the

offense, numerous allegations of ineffective assistance of counsel, and failure of the sentencing

court to consider Booker.  Contained within the allegations of ineffective assistance of counsel,

defendant alleged his counsel did not file the necessary motions prior to trial, counsel did not

argue drug quantity before the District Court or before the Court of Appeals, counsel did not

investigate witnesses, defendant was denied his right to allocution, and counsel was ineffective

when he filed a brief pursuant to Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396, 18

L.#d.2d 493 (1967).  (Doc. 212 and Doc. 217).  The Government filed a response requesting the

Motion be denied as it was untimely, or in the alternative, denied on the merits.  (Doc. 222).

      The court determined the defendant's motion was untimely.  However, the court

proceeded to address the defendant's arguments on the merits, and denied his motion.  An order

denying the motion was filed on August 14, 2007.  (Doc. 228), United States v. Gutierrez-

Aguiniga, 2007 WL 2333231 (D. Kan.).  On March 24, 2008, the defendant filed a Motion for

Leave to Amend his § 2255 Motion.  (Doc. 239).  On March 25, 2008, the defendant filed a

Motion for Relief from Judgment or Order in Support of His Motion to Leave to Amend

Pursuant to Federal Rule of Civil Procedure Rule 60(b)(6).   (Doc. 241).  The court denied the

Motion to Amend and the Motion for Relief on May 27, 2008.  (Doc. 245).   The defendant filed

the instant Motion for Relief from Judgment in Prior 28 U.S.C. § 2255 Proceeding Pursuant to

Federal Rule of Civil Procedure 60(b) on June 3, 2009.  (Doc. 249).

II.  Defendant's Motion

The defendant's motion is presented as a Rule 60(b) motion for relief from the court's judgment in the section 2255 case.  The defendant argues he is entitled to amend his original section 2255 motion.  He argues that he challenges the "integrity" of the habeas proceedings before the district court, and not the substance of the 2255 motion.  The defendant argues that before trial, the United States Attorney presented a plea offer to his attorney, which was not presented to him.  He bases his Rule 60 motion on an allegation that the United States Attorney was aware that the plea offer was not presented to him, and did not disclose this information during the pendency of the section 2255 motion.  The failure to disclose this information allegedly effected the integrity of the court's adjudication of the ineffective assistance of counsel claim.  The defendant then goes into an analysis of his ineffective assistance of counsel claim.

III.  Discussion

The court has to determine if the defendant's motion is a true Rule 60 motion, or a successive § 2255 motion.  The defendant raises a claim of ineffective assistance of counsel, arguing his attorney was ineffective when he did not tell him of the plea offer presented by the Government to his counsel.  The defendant requests relief in the form of reopening his habeas case, allowing him to amend his petition to include the ineffective assistance of counsel claim, and requiring the United States Attorney to reinstate the plea offer.

A filing is a true Rule 60(b) motion "if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior

4

habeas petition." <u>Spitznas v. Boone</u>, 464 F.3d 1213, 1216 (10th Cir. 2006), citing <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005).  A filing is a second or successive petition if "it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."  <u>Id.</u> at 1215, citing <u>Gonzalez</u>, 545 U.S. 524 (2005).

The Tenth Circuit set out a number of examples of true Rule 60(b) motions and successive petitions.  Examples of a Rule 60(b) motion are motions that assert the district court incorrectly dismissed a petition for failure to exhaust, a procedural bar, or because of the statute of limitations.  <u>Id.</u> at 1216.  A Rule 60(b) motion asserting fraud or other defect in the integrity of the habeas proceeding may also qualify as a true Rule 60(b) motion.  <u>Id.</u>  Examples of successive petitions are motions presenting a claim of constitutional error not included in the initial habeas petition, a motion seeking to present newly discovered evidence on a claim previously denied, or a motion challenging the district courts ruling on the merits of the claim. <u>Id.</u>

After a review of a number of cases, the court finds that the motion filed by the defendant is a second or successive petition.  The defendant argues that his filing is a Rule 60(b) motion. The defendant makes a number of argument to support this claim.  First, the defendant argues that he is challenging a procedural ruling by the court.  The defendant argues that the court's denial of his motion to amend denied him a merits determination of his habeas application.  As discussed in the Order filed by the court on May 27, 2008, the court did not have jurisdiction to allow the defendant to file an amended complaint.  (Doc. 245).  Furthermore, the defendant was not denied a merits determination of his petition.  The court determined his petition was untimely, but addressed the merits of his claims.  (Doc. 228).  The defendant's claim of

ineffective assistance of counsel was denied.  (Doc. 228).

      The defendant also argues that he was unable to obtain evidence until after the court ruled on his initial section 2255 motion.  The evidence to which the defendant refers is alleged information from the United States Attorneys Office and his attorney that there was a plea offer made and never relayed to him.  The Tenth Circuit has determined that a claim regarding the discovery of new evidence relating to the validity of his conviction is a federal basis for relief from his underlying conviction, and therefore it is a successive habeas motion.  Clemmons v. Davies, 198 Fed.Appx 763, 765 (10th Cir. 2006).  The Spitznas court also ruled that a motion to present newly discovered evidence to advance the merits of a claim previously denied should be treated as a successive 2255.  Spitznas, 464 F.3d at 1216.  Although the defendant tries to present this claim as a defect in a procedural ruling, based on the court's denial of his motion to amend, the presentation of this evidence is a claim for ineffective assistance of counsel.  A claim of ineffective assistance of counsel attacks the constitutionality of the conviction, and can only be decided in a habeas case.  See 28 U.S.C. § 2255.

      Finally, the defendant argues his motion is a true Rule 60(b) motion as he challenges the integrity of the habeas proceedings.  He argues the Government had evidence of his counsel's ineffective representation and they did not notify him or the court.  The defendant argues the Government knew that his counsel did not disclose the plea offer, and the nondisclosure violated the integrity of the court decision regarding his ineffective assistance of counsel claim.  The defendant also states that the United States Attorney had a duty to notify him or the court of his counsel's actions.  Again, although the defendant is trying to pass this argument off as a challenge to the integrity of the proceedings, he is actually attacking the representation of his

attorney.  This is a merits  based attack, and it is not properly classified as a Rule 60 motion.

This court is without jurisdiction to address a second or successive habeas petition until the Tenth Circuit has granted authorization.  <u>United States v. Nelson</u>, 465 F.3d 1145, 1148 (10th Cir. 2006).  Before transferring the case to the Tenth Circuit, the district court shall exercise discretion under 28 U.S.C. § 1631 to determine whether or not it is in the interests of justice to do so.  <u>In re Cline</u>, 531 F.3d 1249, 1251 (10th Cir. 2008).  If it is not in the interest of justice to transfer the case, the court may dismiss the motion.  <u>Id.</u> at 1251-52.  A successive motion has to satisfy the authorization standard set forth in 28 U.S.C. § 2255(h), which states, "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain - (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."   To determine if a transfer is in the interest of justice, the factors to be considered by the district court include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, it was clear at the time of filing that the court lacked the requisite jurisdiction.  <u>Cline</u>, 531 F.3d at 1251.

The defendant's new claim of ineffective assistance of counsel is that his counsel was ineffective when he failed to relay a plea offer made by the Government.  If true, the defendant may have a valid federal claim that his Sixth Amendment rights were violated.  See  <u>United States ex rel. Caruso v. Zelinsky</u>, 689 F.2d 435 (3rd Cir. 1982); <u>United States v. Rodriguez</u>, 929

F.2d 747 (1st Cir. 1991); <u>Johnson v. Duckworth</u>, 93 F.2d 898 (7th Cir. 1986), cert. denied, 479 U.S. 937, 107 S.Ct. 416, 93 L.Ed.2d 367 (1986); <u>Beckham v. Wainwright</u>, 639 F.2d 262 (5th Cir. 1981).

The defendant's motion is a successive or second habeas motion pursuant to section 2255. After considering the factors set forth in <u>Cline</u>, the court orders transfer of the case to the Tenth Circuit Court of Appeal pursuant to 28 U.S.C. § 1631. <u>Peach v. United States</u>, 468 F.3d 1269, 1272, n. 1 (10th Cir. 2006).

IT IS THEREFORE ORDERED the defendants motion (Doc. 249) shall be treated as a successive or second habeas petition, and shall be transferred to the Tenth Circuit.

IT IS SO ORDERED this 6th day of August, 2009.

  s/ Wesley E. Brown
Judge Wesley E. Brown
Senior District Court Judge

8