IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                        Case No. 03-10038-01-JWB

EDUARDO GUTIERREZ-AGUINIGA,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A). (Doc. 264.) The government has filed a response. (Doc. 265.) No reply has been filed and the time for doing so has passed, making the motion ripe for decision. For the reasons stated herein, Defendant's motion for sentence reduction is DENIED.

**I. Background**

Defendant and three other individuals were charged in a second superseding indictment filed May 7, 2003. (Doc. 79.) Defendant was charged with one count of conspiracy to possess with intent to distribute more than fifty grams of methamphetamine, in violation of 21 U.S.C. § 846; one count of possession with intent to distribute more than fifty grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c) and 2. (*Id.*) Defendant proceeded to trial and was convicted by a jury on all three counts. (Doc. 116.)

A Presentence Report (PSR) determined that Defendant's sentencing guideline range was 292 to 365 months on the two drug counts and 60 months consecutive on the § 924(c) count. The

range was based on a base offense level of 36, a 2-level enhancement for being a supervisor (U.S.S.G. § 3B1.1(c)), a 2-level enhancement for obstruction of justice (U.S.S.G. § 3C1.1), and a criminal history category of I.  On October 29, 2003, the Hon. Wesley E. Brown sentenced Defendant to 292 months on each of the two drug counts, concurrently, followed by 60 months consecutive on the § 924(c) charge, for a controlling term of 352 months. (Doc. 149.)  Defendant's conviction and sentence were affirmed on direct appeal in July of 2004.  (Doc. 178.)

In February 2015, the Hon. J. Thomas Marten reduced Defendant's sentence from 352 months to 295 months because the sentence was based on a guideline range that had been subsequently lowered by the United States Sentencing Commission. (Doc. 256.)

Defendant filed the instant motion to reduce sentence on August 16, 2021.  (Doc. 264.) Defendant argues a reduction is warranted because Defendant is at high risk of health complications from the Delta variant of COVID-19.  (*Id.* at 1.)  Defendant alleges he "is suffering from a very serious illness of thyroids [sic] and prostate problems [and] diabetes" and that this places him "at high risk of death" from a serious infection such as COVID-19.  (*Id.* at 2.)

The government opposes the motion.  It asserts that Defendant's medical records show he is 47 years old and suffers from Graves Disease (a thyroid condition) and hyperlipidemia, but says it finds no information indicating Defendant suffers from prostate problems or diabetes.  (Doc. 266 at 8-9.) The government contends Defendant has not shown extraordinary and compelling medical reasons warranting his release.  It alleges that Defendant has been vaccinated and argues this weighs against any finding that the potential of a COVID-19 infection warrants a sentence reduction.  Finally, the government argues the factors in § 3553(a) weigh against a reduction, given the seriousness of the offense and his role as a supervisor in the distribution of methamphetamine. (Doc. 266 at 13.)

Defendant is incarcerated at Big Spring (Texas) CI, which currently reports zero COVID-19 infections among inmates, six current infections among staff, and three prior inmate deaths related to COVID. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed Sept. 22, 2021). Defendant's estimated release date is February 9, 2024, meaning Defendant has approximately 28 months left to serve on his sentence.

## II. Legal Standards

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [that] rule of finality is subject to a few narrow exceptions." *United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)). One exception is found in the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A). Prior to 2018, that section only authorized the Director of the Bureau of Prisons to move for a sentence reduction. *McGee*, 992 F.3d at 1041. The First Step Act changed this to allow a defendant to file his own motion for reduction after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *United States v. Mata-Soto*, No. 20-3223, 2021 WL 3520599, at *1 (10th Cir. Aug. 11, 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The Tenth Circuit recently endorsed a three-step test for deciding motions under § 3582(c)(1)(A). *McGee*, 992 F.3d at 1042-43 (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). If a defendant has administratively exhausted his claim, the court may reduce a sentence if three requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth

in 18 U.S.C. § 3553(a). *Id*. A court may deny the motion when any requirement is lacking, and the court need not address the other requirements. *Id*. at 1043. But all the requirements must be addressed when the court grants a motion for release under the statute. *Id*.

The Tenth Circuit has held that the court has independent discretion to determine whether a defendant has shown "extraordinary and compelling reasons" that warrant a reduction. See *McGee*, 992 F.3d at 1044, 1048. "[E]xtraordinary" means "exceptional to a very marked extent." *United States v. Ford*, No. CR 10-20129-07-KHV, ___ F. Supp. 3d ___, 2021 WL 1721054, at *3 (D. Kan. Apr. 30, 2021) (quoting *United States v. Baydoun*, No. 16-20057, 2020 WL 4282189, at *2 (E.D. Mich. July 27, 2020)). Although not binding on this court, the Sentencing Commission has recognized that grounds for release due to extraordinary and compelling reasons can include a (1) defendant's medical condition; (2) age; (3) family circumstances; and (4) a catchall category of an "extraordinary and compelling reason other than, or in combination with," the first three categories. *Id*. (citing U.S.S.G. § 1B1.13, Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement), cmt. n.1 (Nov. 2018)); *United States v. Carr*, 851 F. App'x. 848, 853-54 (10th Cir. 2021) (district court has discretion to consider definition of extraordinary and compelling reasons in Section 1B1.13 application notes).

With respect to the second requirement (whether a reduction is consistent with applicable policy statements), the Tenth Circuit has held that the current Sentencing Commission policy statement on extraordinary circumstances does not constrain a court's discretion to determine whether circumstances are extraordinary and compelling because that provision applies only to motions filed by the Director of the BOP, not to motions filed by a defendant. *United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021).

Defendant bears the burden of establishing that compassionate release is warranted under the statute. *See, e.g., United States v. Dial*, No. 17-20068-JAR, 2020 WL 4933537 (D. Kan. Aug. 24, 2020); *United States v. Dixon*, No. 18-10027-02-JWB, 2020 WL 6483152, at *2 (D. Kan. Nov. 4, 2020).

### III.  Analysis

#### A.  Exhaustion

The court finds Defendant has properly exhausted administrative remedies on his request. He cites documentation that the facility administrator and BOP officials have rejected his request for compassionate release. (Doc. 264 at 6-7.) Moreover, the government concedes Defendant has exhausted his administrative remedies within the BOP. (Doc. 266 at 5, n.1.)

#### B.  Extraordinary and Compelling Reasons

The court determines Defendant has failed to meet his burden of showing extraordinary and compelling reasons for a sentence reduction. A number of courts have noted that Graves Disease has not been identified by the Center for Disease Control and Prevention (CDC) as a condition that places a person at increased risk of serious illness from COVID-19. *See United States v. McDaniel*, No. 07-20168-22-JWL, 2020 WL 5118108, at *2 (D. Kan. Aug. 31, 2020) (citing cases). Similarly, hyperlipidemia has not been identified as such a condition. Center for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html? (last accessed Sept. 17, 2021). It is true the CDC has stated that "living in prisons and jails puts you at higher risk for getting COVID-19," *id.*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/living-prisons-jails.html, but it also states that "COVID-19 vaccines are effective at keeping you from getting COVID-19, especially severe illness and death," and Defendant does not dispute that he has received the

5

vaccine. *Id.*, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/index.html. With respect to Defendant's allegations of diabetes and prostate issues, such conditions could potentially increase health risks from COVID-19, but Defendant fails to substantiate the allegation that he suffers from such conditions and further fails to show his condition is sufficiently serious to provide an extraordinary and compelling reason to reduce his sentence. Moreover, current information shows there are no cases of inmate COVID-19 infections at Big Spring CI. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed Sept., 22, 2021). Considering Defendant's relatively young age, his state of health, and the medical care available to him at the facility where he is incarcerated, he appears to face the same sort of risks from COVID-19 as are faced by the public at large. In sum, the court concludes Defendant has failed to show there are extraordinary and compelling reasons to reduce his sentence.

### IV. Conclusion

Defendant's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) (Doc. 264) is DENIED. IT IS SO ORDERED this 22nd day of September, 2021.

                                                _____s/ John W. Broomes_____
                                                JOHN W. BROOMES
                                                UNITED STATES DISTRICT JUDGE